UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Salah Farghaly,

        Petitioner,

v.

Denise Frazier, Michael Chertoff, and
Alberto R. Gonzales,

        Respondents.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 05-1045 ADM/JSM

---

Herbert Igbanugo, Esq., Blackwell Igbanugo P.A., Minneapolis, MN, argued for and on behalf of Petitioner.

Greg G. Brooker, Esq., Assistant United States Attorney, Minneapolis, MN, argued for and on behalf of Respondents.

---

## I. INTRODUCTION

On December 9, 2005, oral argument before the undersigned United States District Judge was heard on Respondents' Denise Frazier, Michael Chertoff, and Alberto R. Gonzales's ("Respondents") Motion to Dismiss or for Judgment [Docket No. 7]. In his Petition for Review of Naturalization Application [Docket No. 1], Petitioner Salah Farghaly. ("Farghaly" or "Petitioner") seeks review and reversal of the denial of his naturalization application. For the reasons set forth herein, Respondents' Motion to Dismiss or for Judgment is granted in part and denied in part.

## II. BACKGROUND

On February 8, 1994, Salah Farghaly, a native of Egypt, married Fatima Cheri Peters ("Peters"), an American citizen. Following the marriage, Farghaly traveled to Egypt. Peters joined him in Egypt for about a week. In October 1994, Farghaly was granted lawful permanent

resident status on a conditional basis.  Citizenship and Immigration Services ("CIS") found at the time that his marriage to Peters was bona fide, and on that basis granted the spousal-based petition Peters filed on Farghaly's behalf.  Two years later, Farghaly and Peters filed a Form I-751 petition to remove the conditions on his residence, which was subsequently granted on October 1, 1996.

In October 1997, Farghaly filed an application for naturalization.  The application was denied, however, on the grounds that Farghaly and Peters' marriage was not entered into in good faith.  This decision was based on a statement by Peters that she and Farghaly had never consummated their marriage and did not live together.  CIS denied the application on August 19, 2002.  Farghaly sought administrative review of the denial, but the review was denied on March 25, 2004.

Farghaly sought naturalization again, filing a second application on September 16, 2003, but was denied by the CIS on May 4, 2004.  A few weeks following this denial, Farghaly was served with a Notice to Appear by the Department of Homeland Security ("DHS"), alleging that Farghaly's marriage to Peters was fraudulent.  Nevertheless, Farghaly petitioned for agency review of the denial of his second naturalization application on May 28, 2004.  A hearing was scheduled for January 6, 2005, for review of this petition.  However, the day before the hearing, on January 5, 2005, DHS placed Farghaly in removal proceedings by filing the Notice to Appear with the Immigration Court.  As a result, Farghaly's hearing on January 6, 2005 resulted in a denial under 8 U.S.C. § 1429.  Farghaly's removal hearing is currently scheduled for March 2006.

### III. DISCUSSION

Respondents argue that Petitioner's Petition should be dismissed for lack of subject jurisdiction.  In the alternative, should jurisdiction exist, Respondents contend summary judgment is appropriate.

8 U.S.C. § 1421(c), upon which the Petition relies, provides:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5.  Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

However, 8 U.S.C. § 1429 states: "[N]o application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act."  In support of their Motion to Dismiss, Respondents aver that § 1429 divests the District Court of jurisdiction to hear the Petition.  In response, Petitioner argues that the plain language of § 1429 merely strips the Attorney General of the power to naturalize a citizen during removal proceedings, but has no effect on the jurisdiction of this Court to hear his Petition.

Although the Eighth Circuit has not been presented with this issue, the bulk of courts who have examined this issue, including the Sixth and Ninth Circuit Courts of Appeal, have found that District Courts retain jurisdiction, despite the seemingly contrary language of § 1429.  In <u>De Lara Bellajaro v. Schiltgen</u>, the Ninth Circuit held:

> Section 1421(c) plainly confers jurisdiction to review the denial of an application for naturalization on district courts. Nothing in the text limits the jurisdiction so conferred to review of denials when there is no removal proceeding pending. By the same token, the text of § 1429--which does constrain consideration of naturalization applications during the pendency of a removal proceeding--clearly applies to the Attorney General. There is

>no hint in the language of § 1429 that it also applies to the courts. Thus, we see no textual basis for concluding that jurisdiction vested in district courts by § 1421(c) is divested by § 1429.

378 F.3d 1042, 1046 (9th Cir. 2004); see also Zayed v. United States, 368 F.3d 902 (6th Cir. 2004); Ngwana v. Attorney General of U.S., 40 F. Supp. 2d 319 (D. Md. 1999); Gatcliffe v. Reno, 23 F. Supp. 2d 581 (D.V.I. 1998); Saad v. Barrows, No. Civ.A. 3:03-CV-1342G, 2004 WL 1359165 (N.D. Tex. June 16, 2004); contra Apokarina v. Ashcroft, 232 F. Supp. 2d 414 (E.D. Pa. 2002); Mosleh v. Strapp, 992 F. Supp. 874 (N.D. Tex. 1998).

Because nothing in the plain language of the federal statutes divests a District Court of jurisdiction to review a denial of naturalization while removal proceedings are pending, Respondents' Motion to Dismiss is denied. In the alternative, Respondents argue that summary judgment should be entered, contending that the Court's review must be limited to the reason for the denial of naturalization – here, because removal proceedings were pending, under 8 U.S.C. § 1429.

Respondents' analysis is correct. No final decision on Petitioner's application for naturalization has been rendered. Consequently, there is no basis for a substantive review of Petitioner's application. The only question for review is whether the Petitioner's application was properly denied under 8 U.S.C. § 1429. The language of that statute is clear. If removal proceedings are brought, an application for naturalization can not be considered. Bellajaro, 378 F.3d at 1046-47; Zayed, 368 F.3d at 906. Moreover, although courts have found jurisdiction to hear reviews of naturalization application, "*no* court has found it has the authority to order the Attorney General to naturalize a person against whom removal proceedings are pending." Ibrahim v. Department of Homeland Security, No. Civ.A. C-05-139, 2005 WL 2230152 (S.D.

Tex. Sept. 13, 2005) (emphasis in original). Because Petitioner has not demonstrated or offered any evidence that the ruling was incorrect, Respondents' Motion for Summary Judgment is granted.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Respondents' Motion to Dismiss or for Judgment [Docket No. 7] is **GRANTED** in part and **DENIED** in part; and

2. Petitioner's Petition for Review of Naturalization Application [Docket No. 1], is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 9, 2005.